The district court read Payan's written objections, heard his arguments, and granted the Government's motion for a third level of reduction for acceptance of responsibility. The district court adopted the calculations and reasoning of the pre-sentence report and indicated that the 57-month sentence at the bottom of the guide-line range satisfied the factors of § 3553(a). Payan fails to show that the district court's explanation was clearly or obviously inadequate. *Cf. United States v. Rodriguez,* 523 F.3d 519, 524–26 (5th Cir.), *cert. denied,* —— U.S. ——, 129 S.Ct. 624, 172 L.Ed.2d 616 (2008) (finding brief explanation adequate). Moreover, Payan "fails to show that an explanation would have changed his sentence." *Mondragon–Santiago,* 564 F.3d at 365. He thus fails to show plain error. *Id.*

Payan contends that his sentence was substantively unreasonable because it was excessive. He contends that the guideline provision resulting in the 16–level increase was not empirically grounded and is therefore not entitled to a presumption of reasonableness in light of *Kimbrough v. United States,* 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). Payan's sentence was within the guideline sentencing range and was presumptively reasonable, regardless of whether the guideline provision upon which the sentence was based is empirically grounded. *See United States v. Duarte,* 569 F.3d 528, 529–31 (5th Cir.2009); *see also Mondragon–Santiago,* 564 F.3d at 366–67.

Payan fails to show that his sentence is unreasonable. The judgment of the district court is AFFIRMED.

**JENKENS & GILCHRIST A Professional Corp., Plaintiff–Appellee**

v.

**GROIA & COMPANY, A Professional Corporation, Defendant–Appellee**

v.

**Ingrid Felderhof, Defendant–Appellant.**

No. 08–20642.

United States Court of Appeals, Fifth Circuit.

Aug. 12, 2009.

Daniel V. Flatten, Porter Hedges, Myall S. Hawkins, Baker & McKenzie, Houston, TX, John A. Gilliam, Jenkens & Gilchrist, Dallas, TX, for Plaintiff–Appellee.

Steven J. Knight, Chamberlain, Hrdlicka, White, Williams & Martin, Houston, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and PRADO and HAYNES, Circuit Judges.

PER CURIAM: *

AFFIRMED. *See* 5TH CIR. R. 47.6.

---

* Pursuant to 5TH CIR. R. 47.5, the court has    determined that this opinion should not be

294

UNITED STATES of America,
Plaintiff–Appellee

v.

Ruben SERNA, Jr., Defendant–
Appellant.

No. 08–40820
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 17, 2009.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal, Public Defender Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM: *

The Federal Public Defender appointed to represent Ruben Serna, Jr., has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Serna has filed a response. Our independent review of the record, counsel's brief, and Serna's response discloses no nonfrivolous issue for appeal. According-

published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.

* Pursuant to 5TH CIR R. 47.5, the court has determined that this opinion should not be

ly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.

Marsha CHAMBERS, and family,
Plaintiff–Appellant

v.

The State of TEXAS; The SPCA of Texas Corporation; The County of Kaufman Texas, Defendants–Appellees.

No. 09–10320.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 17, 2009.

Marsha Chambers, and Family, Kaufman, TX, pro se.

Kurt Allen Schwarz, Jackson Walker, Dallas, TX, for The SPCA of Texas Corporation.

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.